### EMPIRE SAVINGS & LOAN COMPANY v CHAMBERS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12309.  Decided June 20, 1932

MAUCK, PJ, and MIDDLETON, J (4th Dist), and FARR, J (7th Dist), sitting by designation.

Norman L. McGhee, Cleveland, for plaintiff in error.

Paul P. Sogg, Cleveland, for defendant in error.

**MAUCK, PJ.**

At the time Chambers filed his notice of withdrawal there were some thirty thousand dollars of applications for which notice had been previously given and more than twenty thousand dollars of these prior withdrawals were unpaid at the time this action was brought. The judgment in this case consequently trespassed upon the rights of all these other depositors and discriminated against them. The only place in the record that we find any attempt to justify the judgment is a statement by the trial judge to the effect that the by-law of the Company above quoted was not shown to be a by-law of the Company at the time the plaintiff opened his account. In this the trial court erred.

The undisputed evidence is that Miss Pickens had been a bookkeeper of the Company for six years and that this by-law had been a part of the Company's regulations during all that period. Moreover when the question was first raised on page seven of the record, Mr. McGhee representing the defendant said: "We can prove that there was such a rule when he made the deposit." To this Mr. Sogg, representing the plaintiff said: "All right I so admit that." It follows then that not only the undisputed evidence but the admission of the parties in open court show that the rule invoked by the defendant was effective at the time his account was opened.

The judgment is consequently erroneous. Under the undisputed testimony the court should have entered judgment for the defendant. The judgment of the Municipal Court is reversed and this court proceeding to enter the judgment that ought to have been entered in that court, here enters final judgment for the plaintiff in error.

MIDDLETON and FARR, JJ, concur.